# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN MCMASTER,            )
                           )
    Plaintiff       )
                           )
    v.              )  **Case No.:**
                           )
PENN CREDIT CORPORATION,   )  **COMPLAINT AND DEMAND FOR**
                           )  **JURY TRIAL**
    Defendant       )
                           )  **(Unlawful Debt Collection Practices)**

## COMPLAINT

SUSAN MCMASTER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENN CREDIT CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C.

§1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hanover, Pennsylvania 17331.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal office located at 916 South 14th Street, Harrisburg, Pennsylvania 17104.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempt to collect a consumer debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. The alleged debt arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her could only have arisen from a financial obligation for personal, family, or household purposes.

14. Beginning in October 2014 and continuing through May 2015, Defendant repeatedly and continuously called Plaintiff on her cellular telephone.

15. Each time Plaintiff spoke with Defendant, she informed Defendant that she was unable to make payments given her then-existing financial situation.

16. Defendant, however, continued to call Plaintiff seeking and demanding payment of the alleged debt, each time knowing that she was unable to pay the alleged debt.

17. Defendant contacted Plaintiff, on average, once a week in its attempts to collect the alleged debt.

18. Once notified by Plaintiff that she lacked the funds to pay, Defendant should have waited weeks or perhaps months, for Plaintiff's finances to improve,

thus making the weekly calls without any purpose except to harass.

19. When calls continued sometime in or around April 2015, Plaintiff told Defendant to stop calling her entirely, but was ignored as calls continued.

20. Defendant never updated its records to stop the collection calls to Plaintiff's cellular telephone and continued to call the cellular telephone knowing they were unwanted.

21. Defendant continued to call through at least May 6, 2015.

22. The repetitive calls to Plaintiff were harassing, aggravating and annoying.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to

annoy, abuse, or harass any person at the called number.

c. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a week, with the intent to annoy, abuse and harass Plaintiff, as Plaintiff had informed Defendant on more than one occasion that she was unable to pay the alleged debt and to stop calling.

## COUNT II

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to restrict calls to Plaintiff after having been told to stop calling and that she did not have the ability to pay the alleged debt.

WHEREFORE, Plaintiff, SUSAN MCMASTER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

- 5 -

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SUSAN MCMASTER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 07-02-15    By: */s/ Craig Thor Kimmel*_____
          CRAIG THOR KIMMEL
          Attorney ID No. 57100
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888
          Fax: (877) 788-2864
          Email: kimmel@creditlaw.com